UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RAKEEM CALHOUN,

    Plaintiff,

v.                                                           Case No. 3:21-cv-00419-BJD-JBT

PUTNAM COUNTY SHERIFF'S
OFFICE, et al.,

    Defendants.
_____

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff, Rakeem Calhoun, an inmate of the Florida penal system, initiated this action by filing a pro se Civil Rights Complaint (Doc. 1; Compl.) and a motion to proceed in forma pauperis (Doc. 2). Plaintiff alleges he was exposed to COVID-19 and tuberculosis while at the Putnam County Jail between May 2020 and April 2021. See Compl. at 4-5. He alleges "jail staff and medical staff were not testing or separating new inmates," and he tested positive for COVID-19. Id. at 5. He was sick for three weeks and received only Ibuprofen, which Plaintiff alleges did not help. Id. As relief, Plaintiff seeks compensatory damages. Id.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. §

1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F.

App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Plaintiff's complaint is subject to dismissal under the PLRA because he fails to "state a claim to relief that is plausible on its face." See Iqbal, 556 U.S. at 678. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "a person" acting under the color of state law deprived him of a right secured under the United States Constitution or federal law. See 42 U.S.C. § 1983. When a plaintiff attempts to sue an entity, as opposed to a person, the law of the state in which the district court sits determines whether the entity has the capacity to be sued under § 1983. See Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (stating that certain subdivisions of local or county governments, such as sheriff's departments and police departments, generally are not legal entities subject to suit).

In Florida, a sheriff's office or jail facility is not a legal entity subject to suit under § 1983. See Faulkner v. Monroe Cnty. Sheriff's Dep't, 523 F. App'x 696, 701 (11th Cir. 2013) (affirming dismissal of a civil rights action against the Monroe County Sheriff's Office). See also Herrera v. Rambosk, No. 2:17-cv-472-FtM-29MRM, 2019 WL 1254772, at *4 (M.D. Fla. Mar. 19, 2019) (dismissing the Collier County Jail under § 1915(e)(2)(B)(ii)); Monroe v. Charlotte Cnty. Jail, No. 2:15-cv-729-FtM-99MRM, 2015 WL 7777521, at *2

3

(M.D. Fla. Dec. 3, 2015) ("A correctional facility or jail is not a proper defendant in a case brought under 42 U.S.C. § 1983." (citing Chapter 30, Florida Statutes)).

Plaintiff names three Defendants: the Putnam County Sheriff's Office, Joe Wells, and Southern Correctional Medicine. The Sheriff's Office is an entity not amenable to suit under § 1983, and Plaintiff neither mentions nor asserts factual allegations against Joe Wells or Southern Correctional Medicine. As such, he fails to state a plausible claim under § 1983 against any Defendant.

Additionally, Plaintiff does not identify a federal right the named Defendants allegedly violated. Liberally construing Plaintiff's allegations, he appears to be describing an Eighth Amendment violation for the denial of medical care or for having been exposed to inhumane conditions.[1] Accepting as true that Plaintiff contracted COVID-19 because corrections or medical staff did not separate inmates, Plaintiff's vague allegations describe, at most, negligence. See Wilson v. Seiter, 501 U.S. 294, 298-99 (1991) ("To be cruel and unusual punishment, conduct … must involve more than ordinary lack of due

---

[1] "Pretrial detainees, who are not protected by the Eighth Amendment, can bring the same claims under the Fourteenth Amendment." Danley v. Allen, 540 F.3d 1298, 1306 (11th Cir. 2008), overruled in part on other grounds as recognized by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010). As such, Eighth Amendment decisional law applies to cases involving pretrial detainees. Id. (quoting Bozeman v. Orum, 422 F.3d 1265, 1271 (11th Cir. 2005)). See also Goodman v. Kimbrough, 718 F.3d 1325, 1331 n.1 (11th Cir. 2013) ("[T]he standards under the Fourteenth Amendment are identical to those under the Eighth.").

care for the prisoner's interests or safety." (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986))).

The Eleventh Circuit has emphasized that "deliberate indifference is not a constitutionalized version of common-law negligence." Swain v. Junior, 961 F.3d 1276, 1287 (11th Cir. 2020). Thus, the inability to control the spread of a contagious, deadly virus inside a crowded jail does not necessarily establish jail officials were deliberately indifferent to a risk of harm if they took reasonable actions to address the risk, "even if the harm ultimately [was] not averted." Id. at 1298-88.

Moreover, to the extent Plaintiff suggests he received inadequate medical care to treat his COVID-19 symptoms, he fails to state a plausible Eighth Amendment violation. A claim for deliberate indifference to a serious illness or injury is cognizable under § 1983. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). However, to state a cause of action, a plaintiff must "allege that the prison official, at a minimum, acted with a state of mind that constituted deliberate indifference." Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (describing the three components of deliberate indifference as "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence").

5

When prison physicians provide medical care for prisoners, "federal courts are generally reluctant to second guess [their] medical judgments." Hamm v. DeKalb Cty., 774 F.2d 1567, 1575 (11th Cir. 1985). As such, allegations of medical negligence do not satisfy the stringent deliberate indifference standard. Estelle, 429 U.S. at 105-06. In other words, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Id. at 106. See also Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) ("Medical treatment violates the [E]ighth [A]mendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'"). Plaintiff alleges he received some treatment—Ibuprofen. See Compl. at 5. His dissatisfaction with that treatment does not give rise to a constitutional claim. And Plaintiff's allegation that he tested positive for COVID-19 contradicts his contention that medical staff did not test inmates. Id.

Finally, assuming Plaintiff names Joe Wells and Southern Correctional Medicine as Defendants because they hold supervisory positions, his claim would fail even had he alleged a jail employee violated his constitutional rights because a § 1983 action may not be premised on a theory of supervisory liability or respondeat superior. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003),

6

abrogated in part on other grounds by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010).

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of April 2021.

BRIAN J. DAVIS
United States District Judge

Jax-6
c: Rakeem Calhoun